IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Eric Powell and Marie Pendleton, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § | Civil Action No. 6:22-cv-00112 |
| v. | § § | JURY TRIAL DEMANDED |
| Tri-W Global, Inc., | § § | COLLECTIVE ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiffs Eric Powell ("Powell") and Marie Pendleton ("Pendleton") (collectively "Plaintiffs"), individually and on behalf of all other similarly situated employees, file this Complaint against Tri-W Global, Inc. ("Tri-W" or "Defendant"), showing in support as follows:

**I.     NATURE OF ACTION**

1. This is a civil action brought by Plaintiffs under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff's time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiffs file this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on a day or hourly rate basis who, like Plaintiffs, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiffs and the Collective Action Members seek all damages available under the

FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff Eric Powell

4.     Powell is an individual residing in Rusk County, Texas. Powell has standing to file this lawsuit.

5.     Powell began working for Defendant on or about March 1, 2021. Powell is a former employee. Powell stopped working for Defendant on or about December 15, 2021.

6.     At all times, Powell earned a day rate of approximately $350.00 per day in connection with work for Defendant.

7.     Powell's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.     Plaintiff Marie Pendleton

8.     Pendleton is an individual residing in Rusk County, Texas. Pendleton has standing to file this lawsuit.

9.     Pendleton began working for Defendant on or about April 1, 2021. Pendleton is a former employee. Pendleton stopped working for Defendant on or about December 15, 2021.

10.    At all times, Pendleton earned an hourly rate of approximately $15.00 per hour in connection with work for Defendant.

11.    Pendleton's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 2.

### C.     Collective Action Members

12.    The putative Collective Action Members are all current or former employees of Defendant who are/were paid on a day or hourly rate basis and who are/were not paid time and

one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees paid on a day or hourly rate who routinely worked in excess of 40 hours per workweek, Plaintiffs and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

13. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**D.    Defendant Tri-W Global, Inc.**

14. Defendant is a corporation organized under the laws of the State of Delaware.

15. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

16. Defendant's principal place of business, as listed with the Texas Secretary of State is 3808 S. Eastman Street, Longview, Texas 75602.

17. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

18. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

19. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

20. Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: transportation of goods within the state, communications using phones with other employees and representatives.

21. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, fuel, equipment, and supplies/materials used in connection with oilfield operations.

22. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

23. Defendant may be served with summons through its registered agent CT Corporation System at 1999 Bryan Street, Suite 900 Dallas, Texas 75201.

### III.   JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

25. The United States District Court for the Eastern District of Texas has personal jurisdiction over Defendant because Defendant does business in Texas and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in Texas and in this District.

26. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.   FACTUAL BACKGROUND

27. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

28.     Powell was employed by Defendant as a lead man in connection with its testing, recertification, and construction of oil & gas equipment business operations.

29.     At all material times Powell was paid a day rate of approximately $350 per day. Defendant did not pay Powell a salary or on a "fee basis" as those phrases relate to the FLSA.

30.     Pendleton was employed by Defendant as a locator in connection with its testing, recertification, and construction of oil & gas equipment business operations.

31.     At all material times Pendleton was paid an hourly rate of approximately $ 15.00 per hour. Defendant did not pay Pendleton a salary or on a "fee basis" as those phrases relate to the FLSA.

32.     Plaintiffs routinely worked in excess of 40 hours per workweek for Defendant. Both Plaintiffs' weekly work schedule typically encompassed approximately 60 hours of work for Defendant. However, Defendant did not pay Plaintiffs time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

33.     During times relevant, Defendant employs/employed numerous other employees in connection with its testing, recertification, and construction of oil & gas equipment who are/were similarly situated to Plaintiffs. Those employees are/were also paid on a day or hourly rate basis, are/were not paid on a salary or fee basis, routinely work/worked in excess of 40 hours per workweek, and are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

## V.     FLSA CLAIMS FOR OVERTIME PAY

34.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

35.     At all relevant times, Defendant is/was an eligible and covered employer under the

FLSA. *See* 29 U.S.C. § 203(d).

36. At all times relevant to this lawsuit, Defendant has been and is an enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

37. Plaintiffs and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

38. Plaintiffs and putative Collective Action Members were not exempt from overtime under the FLSA.

39. Plaintiffs and putative Collective Action Members are/were paid on a day or hourly rate basis by Defendant.

40. At times relevant to this lawsuit, Plaintiffs and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

41. Defendant is/was required to pay Plaintiffs and putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

42. Defendant failed to pay Plaintiffs and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

43. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiffs and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

44. Putative Collective Action Members are/were similarly situated to Plaintiffs and to each other under the FLSA. 29 U.S.C. § 216(b).

45. Defendant's violation of the FLSA, as described above, is/was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiffs and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

46. Plaintiffs and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

47. Plaintiffs and putative Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS

48. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

49. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

50. Plaintiffs seek to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees of Defendant who were paid on a day or hourly rate for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

51. Plaintiffs have personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day or hourly rate for all hours of work

without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

52. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

53. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

54. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

55. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

56. Plaintiffs reserve the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

57. Plaintiffs further reserve the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

58. Plaintiffs hereby demand a jury trial on all causes of action and claims for relief with respect to which Plaintiffs have right to jury trial

## VIII.   DAMAGES AND PRAYER

59. Plaintiffs, ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the putative Collective Action Members be awarded a judgment against

Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiffs and the collective action members may be justly entitled.

Dated:  March 28, 2022                     Respectfully submitted,

By:    */s/ Ricardo J. Prieto*
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile
ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS